# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY TRIPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00428-JMS-MPB |
| | ) |
| ROB CARTER Commissioner I.D.O.C., | ) |
| BRIAN SMITH Warden Putnamville | ) |
| Correctional Facility, | ) |
| CHRISTOPHER WILLIAMS Putnamville | ) |
| Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Amended Complaint and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Facility ("Putnamville"). His original complaint was dismissed for failure to state a claim upon which relief may be granted. Instead of dismissing the action, the plaintiff was given the opportunity to file an amended complaint. He has done so. The amended complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The plaintiff brings his claims against the defendants pursuant to 42 U.S.C. § 1983. He alleges that the defendants, Brian Smith, Chris Williams, and Rob Carter, retaliated against him for accessing the institution's grievance process. Specifically, the plaintiff alleges that defendant Brian Smith, Warden of Putnamville, ordered prison staff to reassign the plaintiff to a job cleaning toilets in retaliation for filing grievances related to his exclusion from work based upon his use of the law library and his reassignment to a less desirable job based upon "profiling" by the classification supervisor.

The plaintiff alleges that defendant Chris Williams ordered prison staff to search the plaintiff's cell in retaliation for filing grievances alleging that Williams "covered for staff misconduct" when Williams responded to inmate grievances. This cell search resulted in the confiscation of his prison litigation manual and a conduct report.

The plaintiff alleges that Rob Carter, IDOC Commissioner, covers for staff misconduct.

The amended complaint includes additional allegations of misconduct against prison staff not named as defendants in the amended complaint.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint certain claims are dismissed while other claims shall proceed as submitted.

First, the plaintiff's allegations against people not named as defendants in the amended complaint are **dismissed**. *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process.") (citing Fed.R.Civ.P. 10(a) ("In the complaint the title of the action shall include the names of all the parties.")).

Second, the claim against the Indiana Department of Correction Commissioner Rob Carter is **dismissed** for failure to state a claim upon which relief can be granted. The only allegation against him is that he covers for staff misconduct. This allegation is too vague and fails to allege personal involvement by the Commissioner in the alleged retaliation against the plaintiff. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation mark omitted). The plaintiff's allegations do not suggest a plausible basis for concluding that this supervisory defendant caused or participated in the alleged constitutional deprivation. *See Wolf Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Third, the Court notes that some of the injunctive relief requested in this action is not available. The plaintiff requests the following:

RELEIF WANTED

The Petitioner seeks immediate injunctive relief in the form of intervention of an outside entity that has the jurisdiction to do so to investigate the Petitioners' claims and to protect him from further retaliation and further deprivation of earned credit time. The Petitioner also seeks monetary compensation in the amount of five hundred thousand dollars.

Dkt. 9 at 3.

The injunctive relief requested is not available because the action sought is outside the control of the defendants who are necessarily sued in their individual capacities. Furthermore, as noted in this Court's September 25, 2017 entry, claims for the restoration of earned credit time must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

The plaintiff's First Amendment retaliation claim against Brian Smith and Christopher Williams shall proceed. These claims are the only plausible claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through November 15, 2017,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

Given the foregoing, the First Amendment retaliation claims against Brian Smith and Chris Williams shall proceed.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Brian Smith and Chris Williams in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint (docket 9), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is **directed** to update the docket to reflect that Commissioner Rob Carter is no longer a defendant in this action.

The clerk is designated to serve the Indiana Department of Correction employees electronically.

**IT IS SO ORDERED.**

Date: 10/13/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY TRIPP
103679
PUTNAMVILLE – CF
Electronic Service Participant – Court Only

Electronic service to:
    Brian Smith, Warden
    Christopher Williams
    (All at Putnamville Correctional Facility)