UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY TRIPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00428-JMS-MPB |
| | ) |
| BRIAN SMITH Warden Putnamville | ) |
| Correctional Facility, | ) |
| CHRISTOPHER WILLIAMS Putnamville | ) |
| Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Second Amended Complaint and Directing Further Proceedings**

**I. Screening Standard**

On November 14, 2017, the plaintiff filed a second amended complaint, dkt. [22]. The second amended complaint is now the operative complaint in this action and is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Second Amended Complaint

The plaintiff brings his claims against the defendants pursuant to 42 U.S.C. § 1983. Although the second amended complaint omits some factual allegations contained in the first amended complaint, the plaintiff alleges that Brian Smith, Warden of Putnamville, ordered prison staff to reassign the plaintiff to a job cleaning toilets in retaliation for filing grievances related to his exclusion from work based upon his use of the law library.

The plaintiff also alleges that defendant Chris Williams ordered prison staff to search the plaintiff's cell in retaliation for filing grievances alleging that Williams "covered for staff misconduct" when Williams responded to inmate grievances. This cell search resulted in the confiscation of his prison litigation manual. He alternatively alleges that Sergeant Hughett ordered the cell search.

The plaintiff alleges that Sergeant Hooker was biased against him when Sergeant Hooker presided over his disciplinary hearing and that Sergeant Hughett presided over hearings of fictitious conduct reports against him. The plaintiff alleges that Rob Carter, IDOC Commissioner and Brian Smith, Warden of Putnamville, were made aware of the plaintiff's concerns and ignored them.

The second amended complaint includes additional allegations of misconduct against prison staff not named as defendants in the second amended complaint.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the second amended complaint certain claims are dismissed while other claims shall proceed as submitted.

First, the plaintiff's allegations against people not named as defendants in the amended complaint are **dismissed**. *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process.") (citing Fed.R.Civ.P. 10(a) ("In the complaint the title of the action shall include the names of all the parties.")).

Second, the claim against the Indiana Department of Correction Commissioner Rob Carter is **dismissed** because the alleged failure of the commissioner to respond to letters or complaints about the conditions of Tripp's confinement is not sufficient to bring him into the zone of liability under § 1983, because "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Most importantly, Tripp's allegations do not suggest a plausible basis for concluding that the commissioner caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983); *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006) (letters to Director insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters).

Merely acting or not acting on Tripp's complaints did not cause the underlying denial of rights Tripp alleges. If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of

letters. To allow liability to be based upon "such a broad theory... [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982); *Vance v. Rumsfeld*, 701 F.3d 193, 204, (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. Cir. 2007) ("Only persons who cause or participate in the violations are responsible"; an official "who rejects an administrative complaint about a completed act of misconduct does not [cause or contribute to the violation]").

The claims against **Sergeant Hughett and Sergeant Hooker are dismissed** because the allegations against them relate to their actions in association with administering the disciplinary process. The plaintiff alleges that Sergeant Hughett and Sergeant Hooker deprived him of earned credit time when they presided over his disciplinary hearings. He alleges that Sergeant Hughett presided over disciplinary hearings involving fictitious conduct reports and that Sergeant Hooker was biased when Sergeant Hooker presided over the plaintiff's disciplinary hearings. There is no constitutional right to avoid false disciplinary charges "because ordinarily, 'even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.'" Lagerstrom v. Kingston, 463 F.3d 621, 624-25 (7th Cir. 2006) (quoting McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999)); see Henderson v. Lane, 182 F.3d 922 1999 WL 459196 (7th Cir. 1999) (holding that it is not an Eighth Amendment violation to be subject to prison discipline even if "framed").

As the plaintiff acknowledges, claims for the restoration of earned credit time must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). Similarly, claims regarding the process by

which the plaintiff was deprived of earned time credit also must be brought in a habeas petition. *Id.*

The plaintiff alternatively alleges that Sergeant Hughett, rather than Chris Williams, ordered the search of the plaintiff's belongings. But he does not allege that Sergeant Hughett ordered the search as a means of retaliation against the plaintiff. The mere allegation that a corrections officer ordered the search of an inmate's belongings is insufficient to allege a constitutional violation.

**The plaintiff's First Amendment retaliation claims that Brian Smith reassigned him to an undesirable job and that Christopher Williams ordered a cell search, both in retaliation for the plaintiff's filing of grievances, shall proceed. These claims are the only plausible claims identified by the Court. These defendants have already been served and have appeared in this action. A scheduling order will issue after defendants respond to the second amended complaint.**

IT IS SO ORDERED.

Date: 11/22/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY TRIPP
103679
PUTNAMVILLE – CF
Electronic Service Participant – Court Only

Electronic service to:
    Brian Smith, Warden
    Christopher Williams
    (All at Putnamville Correctional Facility)